**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
Elizabeth A. Wagner, Esq. (317098)
elizabeth@kazlg.com
245 Fischer Avenue, Suite 101
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff*,
Ampelia Barragan

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMPELIA BARRAGAN, <br><br> Plaintiff, <br><br> v. <br><br> ANAYA LAW GROUP, <br><br> Defendant. | Case No.: <br><br> **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:** <br><br> **I. THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.; AND,** <br><br> **II. NEGLIGENCE** <br><br> **JURY TRIAL DEMANDED** |

///

///

# INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Plaintiff AMPELIA BARRAGAN ("Plaintiff") through Plaintiff's attorneys, brings this lawsuit to challenge the actions of Defendant ANAYA LAW GROUP with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to a Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

6. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

*KAZEROUNI LAW GROUP, APC*
*245 FISCHER AVENUE, SUITE D1*
*COSTA MESA, CA 92626*

## JURISDICTION AND VENUE

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8. This action arises out of Defendant's violations of: (i) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"); (ii) negligence.

9. Because Defendant conducts business within the State of California, personal jurisdiction is established.

10. Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) the Parties reside in this judicial district; and, (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business in this judicial district at all times relevant.

11. At all times relevant, Defendant conducted business within the State of California.

## PARTIES

12. Plaintiff is a natural person who resides in the County of Los Angeles, State of California from whom debt collectors sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "consumer" as that term is defined by 15 U.S.C. § 1692(a)(3).

13. Plaintiff is informed and believes, and thereon alleges, that Defendant is a debt collection law firm operating from the County of Los Angeles, State of California.

14. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in debt collection as that term is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

15. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "debt" as that term is defined by 15 U.S.C. 1692a(5).

## FACTUAL ALLEGATIONS

16. At all times relevant, Plaintiff is an individual residing within the State of California.

17. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California.

18. Sometime prior to 2015, Plaintiff's ex-husband, J. Natividad Barragan ("Mr. Barragan"), is alleged to have incurred certain financial obligations to the original creditor, Western Federal Credit Union, that were money, property, or their equivalent, which are due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as defined above.

19. Mr. Barragan allegedly fell behind in the payments allegedly owed on the alleged debt at some point thereafter.

20. Subsequently, Mr. Barragan's alleged debt was assigned, placed, or otherwise transferred to Defendant to engage in collection activity.

21. Plaintiff and Mr. Barragan separated in April 2015.

22. Thereafter, Defendant filed a lawsuit to collect the debt in the Norwalk Superior Court, court case no.: 15N16343 entitled *Western Federal Credit Union v. J. Natividad Barragan* on November 9, 2015 (the "Collection Action").

23. Plaintiff did not incur any portion of the debt at issue in the Collection Action.

24. Plaintiff did not benefit from any portion of the debt at issue in the Collection Action.

25. The debt at issue in the Collection Action was Mr. Barragan's separate property.

26. As such, Plaintiff was not a named defendant in the Collection Action.

27. Thereafter, Defendant obtained a default judgment against Mr. Barragan on February 9, 2016.
28. Defendant sought to enforce this judgment against Plaintiff's separate bank account via Writ of Execution dated March 22, 2017.
29. Plaintiff received a Notice of Levy from Plaintiff's bank, Premier America Credit Union, dated April 6, 2017.
30. Pursuant to this Notice, the Los Angeles County Sheriff levied $4,521.98 from Plaintiff's separate bank account.
31. Mr. Barragan was not associated with Plaintiff's Premier America Credit Union account in any way.
32. Mr. Barragan did not deposit any of Mr. Barragan's money in Plaintiff's Premier America Credit Union account.
33. The funds in Plaintiff's Premier America Credit Union account were obtained by Plaintiff after Plaintiff separated from Mr. Barragan.
34. The funds in Plaintiff's Premier America Credit Union account were solely Plaintiff's separate property.
35. Thus, Plaintiff retained the Law Offices of Gilbert Rodriguez to assist Plaintiff in response to this levy.
36. Plaintiff, through Mr. Rodriguez, filed a Claim of Exemption on April 18, 2017.
37. On June 6, 2017, the Honorable Thomas D. Long granted Plaintiff's Claim of Exception as follows:
> The Judgment Debtor's claim of exemption (Bank Levy) is granted. The Levying Officer is directed to release any monies held to the Judgment Debtor forthwith. The Levying Officer is to notify the Financial Institution. The Clerk is to give notice to all Parties.
38. Despite this Order, Defendant has continued to pursue Plaintiff for Mr. Barragan's debt with said collection activity continuing as of the date of this filing.

39. Through this conduct, Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress and abuse Plaintiff in connection with the collection of Plaintiff's alleged debt. This section is also incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

40. Through this conduct, Defendant violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is also incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

41. Through this conduct, Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character and legal status of Plaintiff's alleged debt. This section is also incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

42. Through this conduct, Defendant violated 15 U.S.C. § 1692e(5) by taking an action that cannot legally be taken. This section is also incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

43. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect monies not owed by Plaintiff. This section is also incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

44. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect an alleged debt not owed by Plaintiff. This section is also incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

45. Through this conduct, Defendant violated 15 U.S.C. § 1692f(1) through the collection of an amount that was not expressly authorized by the agreement creating the alleged debt or permitted by law. This section is also incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

46. As a result of the illegal conduct described herein, Plaintiff has suffered severe emotional distress.

47. Moreover, Plaintiff has been deprived of funds by Defendant pursuant to an illegal levy.

48. As a result of Defendant's conduct, Plaintiff has been forced to retain the services of multiple attorneys to protect Plaintiff's interest.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692-1692(p) (FDCPA)

## [AGAINST ALL DEFENDANTS]

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

51. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

# COUNT II

## NEGLIGENCE

### [AGAINST ALL DEFENDANTS]

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. Plaintiff believes and thereon alleges that Defendant owed various duties to Plaintiff pursuant to the FDCPA. Specifically, Defendant owed a duty to Plaintiff with regard to its manner of debt collection practices.

54. Defendant breached Defendant's duties by engaging in the acts described herein each in violation of the FDCPA.

55. Plaintiff asserts that Defendant is the actual and legal cause of Plaintiff's injuries.

56. Plaintiff believes and thereon alleges that as a proximate result of Defendant's negligence, Plaintiff has suffered severe emotional distress.

57. Due to the egregious violations alleged herein, Plaintiff asserts that Defendant breached Defendant's duties in an oppressive, malicious, despicable, gross and wantonly negligent manner. As such, said conduct establishes Defendant's conscious disregard for Plaintiff's rights and entitles Plaintiff to recover punitive damages from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant;
- General damages according to proof;

- Special damages according to proof;
- Loss of earnings according to proof;
- Costs of suit incurred herein;
- Punitive damages according to proof as to Plaintiff's negligence claim against Defendant; and,
- Any and all other relief the Court deems just and proper.

Dated: January 15, 2018                                   Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: ___/s/ Matthew M. Loker___
  MATTHEW M. LOKER, ESQ.
  ATTORNEY FOR PLAINTIFF